# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANGELA D'ANTONIO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: N22C-08-463 EMD |
| | ) | |
| WESLEY COLLEGE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: October 13, 2023
Decided: December 29, 2023

*Upon Defendant's Motion for Judgment on the Pleadings*
**DENIED**

Gary W. Aber, Esquire, Wilmington, Delaware. *Attorneys for Plaintiffs Angela D'Antonio, James Wilson, Victor Greto, Fran Fiedler, E. Jeffrey Mask, Jack Barnhardt, Mika Shipley, David Laganella, Ron Douglas, Jessica James, Randall Clack, Yu Tian, Malcom D'Souza.*

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware. *Attorneys for Defendants Wesley College, Inc. & Robert E. Clark II.*

**DAVIS, J.**

## I. INTRODUCTION

This is a civil action arising out of Delaware State University's acquisition of Wesley College. Plaintiffs Angela D'Antonio, James Wilson, Victor Greto, Frank Fiedler, E. Jeffrey Mask, Jack Barnhardt, Mika Shipley, David Laganella, Ron Douglas, Jessica James, Randall Clack, Yu Tian, and Malcolm D'Souza, (collectively "Plaintiffs"), allege that Defendants Wesley College, Inc. ("Wesley") and Wesley's Former President Robert C. Clark II (together with Wesley, "Defendants") (i) engaged in the fraudulent transfer of Wesley's assets to Delaware State University ("DSU") when DSU acquired Wesley in 2021 ("Count I"); [1] (ii) that the fraudulent

---

[1] Amended Complaint (hereinafter "Am. Compl.") ¶¶ 81-93, pp. 16-17 (D.I. No. 1).

transfer resulted in the breach of Wesley's employment contracts with Plaintiffs ("Count II");[2] and (iii) that Mr. Clark made "unilateral and intentional" decisions regarding those contracts, constituting Tortious Interference with Contracts and/or Business Expectancies as Ratified by Wesley ("Count III").[3] Defendants deny all allegations.[4]

Plaintiffs initially filed this civil action in the Court of Chancery on May 25, 2021. Upon filing, Plaintiffs, for themselves and as proposed class representatives of Wesley's tenured faculty, sought a preliminary injunction against Defendants to enjoin DSU's acquisition (the "Acquisition").[5] Plaintiffs also sought class certification.[6] The Court of Chancery denied the injunction request on June 21, 2021, and the Acquisition closed on June 30, 2021.[7]

The Court of Chancery subsequently transferred this action, by stipulation of the Parties to this Court in July 2022,[8] and Plaintiffs withdrew their class allegations.[9] Plaintiffs filed the Amended Complaint on August 29, 2022.[10] Defendants filed their Answer with Affirmative Defenses on November 11, 2022.[11] On May 22, 2023, Defendants then filed an Amended Answer with Affirmative Defenses.[12]

Also on May 22, 2023, Defendants filed the Motion for Judgment on the Pleadings ("Motion").[13] The Motion is limited to Count II of the Amended Complaint, Breach of Contract.[14] Plaintiffs and Defendants agree that Plaintiffs remaining claims would be moot if the

---

[2] *Id.* ¶¶ 94-96, p. 18.
[3] *Id.* ¶¶ 81-89, pp. 18-20.
[4] Am. Answer of Defs., Wesley College, Inc. and Robert Clark II, to Pls.' Am. Compl. With Affirmative Defenses (hereinafter "Am. Answer") at 29-32 (D.I. No. 18).
[5] Am. Compl. ¶ 2, pp. 3-4.
[6] *Id.*
[7] Defs.' Opening Br. in Supp. of Their Mot. for J. on the Pleadings at 1 (hereinafter "Mot.") (D.I. No. 19).
[8] Stipulation to Transfer Case (Ex. 4 to D.I. No. 1).
[9] Mot. at 1.
[10] D.I. No. 1.
[11] D.I. No. 6.
[12] D.I. No. 18.
[13] Mot. at 2.
[14] *Id.*

Court grants the Motion on Count II.[15]  The Court held a hearing on the Motion on October 13, 2023.  At the conclusion of the hearing, the Court took the Motion under advisement.[16]

For the reasons stated below, the Motion is **DENIED**.

## II.  STANDARD OF REVIEW

### A. MOTION FOR JUDGMENT ON THE PLEADINGS

#### 1. Legal Standard

A party may move for judgment on the pleadings pursuant to Civil Rule 12(c).[17]  In determining a motion for judgment on the pleadings under Civil Rule 12(c), the Court is required to view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party.[18]  The Court must take the well-pleaded facts alleged in the complaint as admitted.[19]  The Court also assumes the truthfulness of all well-pled allegations of fact in the complaint when considering a motion under Civil Rule 12(c).[20]  The Court must, therefore, accord the non-moving party the same benefits as a plaintiff defending a motion under Civil Rule 12(b)(6).[21]

However, a court will "not rely upon conclusory allegations . . . [and] neither inferences nor conclusions of fact unsupported by allegations of specific facts . . . are accepted as true."[22]

---

[15] *Id.*

[16] D.I. No. 46.

[17] Civil Rule 12(c) provides:
> *Motion for judgment on the pleadings*—After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Del. Super. Civ. R. 12(c).

[18] *See Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993); *see also Warner Commc'ns, Inc. v. Chris–Craft Indus., Inc.*, 583 A.2d 962, 965 (Del. Super.), *aff'd without opinion*, 567 A.2d 419 (Del. 1989).

[19] *See Desert Equities, Inc.*, 624 A.2d at 1205; *Warner Commc'ns, Inc.*, 583 A.2d at 965.

[20] *See McMillan v. Intercargo Corp.*, 768 A.2d 492, 500 (Del. Ch. 2000).

[21] See *id.*

[22] *Id.* (internal citations omitted).

3

Further, "[a] trial court need not blindly accept as true all allegations, nor must it draw all inferences from them in plaintiffs' favor unless they are reasonable inferences."[23] Yet if the non-moving party "presents any reasonably conceivable set of facts susceptible of proof to support its claim, the motion against it must be denied. A complaint will not be dismissed unless it is clearly without merit. Vagueness or lack of detail is not enough for dismissal."[24]

With these considerations in mind, the Court may grant a motion for judgment on the pleadings only when no material issue of fact exists, and the movant is entitled to judgment as a matter of law.[25]

### 2. The "Pleadings" considered.

On a Civil Rule 12(c) motion, the Court considers all pleadings, including the complaints, answers, "documents integral to the pleadings," such as those attached as exhibits or incorporated by reference, and facts subject to judicial notice.[26]

## III.    DISCUSSION

To state a claim for breach of contract, the plaintiff must show: "(1) a contractual obligation; (2) breach of that obligation; and (3) damages caused by the defendant's breach."[27]

Defendants claim they are entitled to Judgment on the Pleadings because Plaintiffs have failed to establish the first two elements.[28] Therefore, if the Court finds that Plaintiffs have failed to allege "any reasonably conceivable set of facts susceptible to support" these elements, then the

---

[23] *Id.* (internal citations omitted).

[24] *Velocity Exp., Inc. v. Office Depot, Inc.*, 2009 WL 406807 at *4 (Del. Super. 2009) (internal citations omitted).

[25] *See Desert Equities, Inc.*, 624 A.2d at 1205; *Warner Commc'ns, Inc.*, 583 A.2d at 965.

[26] *Jiménez v. Palacios*, 250 A. 3d 814, 827 (Del. Ch. 2019); *accord Patheon Biologics LLC v. Humanigen Inc.*, 2023 WL 5041233 at *1 (Del. Super. July 31, 2023); *see also Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *8 (Del. Super. Aug. 16, 2021) ("[T]he Court can consider, limitedly, documents outside the pleadings but integral to and incorporated referentially into them.").

[27] *1 Oak Priv. Equity Venture Cap. Ltd. v. Twitter, Inc.*, 2015 WL 7776758, at *4 (Del. Super. Nov. 20, 2015).

[28] *Mot.* at 10 (citing *GEICO Gen. Ins. Co. v. Green*, 276 A.3d 462 (Del. 2022); *Connelly v. State Farm Mut. Auto. Ins. Co.*, 135 A.3d 1271, 1280 fn.28 (Del. 2016)).

Court should grant the Motion.[29]  Because Plaintiffs have presented such facts, the Court finds material issues of fact remain on both elements.  Accordingly, the Court will **DENY** the Motion.

Plaintiffs allege that "the contractual relationships between Wesley and its tenured faculty" were "based upon continuous appointments, individual contracts, outli[n]ing the terms for the upcoming Academic Years, and a Faculty Handbook which by its express terms was a contractual document" that contained the "conditions of employment of the tenured faculty."[30]

Plaintiffs say that "for the applicable school years," the Faculty Handbook ("Handbook") "was expressly incorporated by reference and made part of the contracts" between Plaintiffs and Wesley.[31]  As such, Plaintiffs claim that Wesley is bound by several "contractual obligations" found in the text of the Handbook, and that Wesley's failure to perform these obligations constitutes Breach of Contract.[32]

Plaintiffs make reference to: "Appointments for tenured faculty members are continuous except in the case of dismissal for cause or discontinuance of a teaching position."[33]  Further, should an academic program be discontinued, Plaintiffs claim that the Handbook obligated Wesley to "provide notice of such non-continuance by March 15 of the" preceding school year, and that this notice was to come from the Chief Academic Officer…"[34]  The Chief Academic Officer would then provide "proof of financial exigency."[35]

---

[29] *Velocity Exp.*, 2009 WL 406801 at *4 (internal citations omitted).
[30] Am. Compl. ¶ 2, p. 3 (quoting § 2.10.2.1 of the 2019-2020 Faculty Handbook, incorporated by reference in the Amended Complaint) (identical text is numbered § 2.10.2.2 in the 2020-2021 Faculty Handbook).
[31] *Id.* Plaintiffs later specifically identify that the 2019-2020 contracts contained the "expressly incorporated by reference" language. (*Id.* ¶ 29, p. 8). This is significant because the language does *not* appear in the 2020-2021 letters/contracts, and Defendants base their argument for Judgment on the Pleadings in part on this change. (*See generally*, Mot.).
[32] *Id.* ¶ 2, pp. 3-4.
[33] Am. Compl. ¶ 26, p. 8.
[34] *Id.* ¶¶ 2, 32, 33, pp. 3, 9.
[35] *Id.*

Plaintiffs plead that the reason for such notification was to give affected faculty members "one academic year" to secure other employment.[36] Plaintiffs state that, as of March 15, 2020, "no tenured faculty member" had received notice that any individual positions or academic programs would be discontinued, nor any proof of financial exigency.[37]

Defendants respond to those allegations. Defendants assert, in the Amended Answer, that Defendants "kept faculty, including Plaintiffs, informed about the acquisition and its potential effects and consequences on their employment with Wesley."[38]

Plaintiffs next plead that the "contractual relationship" established by the Handbook also required Wesley to provide tenured faculty with "the applicable Handbook for the upcoming school year by March 1 of the preceding school year, and provision of the individual contracts by March 15 of the preceding school year."[39] Contrary to these requirements, Plaintiffs claim that "neither of those hallmarks were met."[40]

Defendants allege that the Handbook did not "impose contractual obligations on Wesley."[41] Further, Defendants argue that the Handbook is not relevant because it "did not contemplate Wesley's (prospective) nonexistence. Its provisions are inapplicable to a period when the college was preparing for its dissolution and non-existence. The college's

---

[36] Am. Compl. ¶ 34, p. 9.
[37] Am. Compl. ¶ 35, p. 9.
[38] Am. Answer at 34 ("Eighth Defense").
[39] Am. Compl. ¶¶ 2, 30, pp. 3, 8.
[40] *Id.* ¶ 2, p. 3. The Parties agree that 2020-2021 contracts were provided to faculty on or around July 15, 2020 (*see* Am. Answer at 5). However, for multiple reasons including the absence of a "time is of the essence" clause, Defendants argue that the delay does not constitute breach. (*See* Defs.' Reply Br. in Supp. of Their Mot. For J. on the Pleadings (hereinafter "Reply") at 11-13 (D.I. No. 39)).
[41] Am. Answer. at 33 ("Sixth Defense").

(prospective) non-existence constitutes frustration of any alleged contractual obligations vis-à-vis the future employment of Plaintiffs."[42]

The Court understands Defendants' arguments. However, at this stage of the proceedings, the Court looks solely to the pleadings and does not dismiss a complaint unless it clearly lacks merit. Moreover, viewing the facts in the light most favorable to the non-moving party, the Court finds that Plaintiffs have presented a "reasonably conceivable set of facts susceptible to proof" in support of their claim for breach of contract.[43] "Vagueness or lack of detail" is not enough for dismissal. The Court finds there are material issues as to: (i) which documents may constitute the controlling contract; (ii) which parties may be bound by that contract, the applicable time frame for binding the parties; and (iii) whether a party may be in breach of those obligations. In other words, there are material issues of fact as to all elements of Plaintiffs' breach of contract claim and Defendants' Motion therefore fails.

## IV.      CONCLUSION

For the foregoing reasons, the Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED**.

December 29, 2023
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:      File&ServeExpress

---

[42] *Id.* at 34 ("Ninth Defense"). At the same time, Defendants argue that Plaintiffs lack standing to bring this action because they "failed to comply with the grievance protocol in the Faculty Handbook." *Id.* at 33-34 ("Seventh Defense").

[43] *Velocity Exp.*, 2009 WL 406801, at *4.